IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE: ETHICON, INC.,
PELVIC REPAIR SYSTEM
PRODUCTS LIABILITY LITIGATION                    MDL No. 2327

---

THIS DOCUMENT RELATES TO:

*Marshall, et al. v. Ethicon, Inc., et al.*                    Civil Action No. 2:12-cv-02809

MEMORANDUM OPINION AND ORDER

Pending before the court is Plaintiffs' Motion for Reconsideration [ECF No. 26], filed on February 18, 2016. The defendants, Johnson & Johnson and Ethicon, Inc. (collectively "Ethicon") have responded [ECF No. 30], the plaintiffs failed to reply and the deadline for replying has passed. Thus, this matter is ripe for my review. For reasons described herein, Plaintiffs' Motion for Reconsideration is **DENIED**.

I. Background

This case resides in the Ethicon MDL, MDL 2327, one of seven MDLs assigned to me by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse and stress urinary incontinence. Managing the MDLs requires the court to streamline certain litigation procedures in order to improve efficiency for the parties and the court. Some of these management techniques simplify the parties' responsibilities. For instance, the Federal Rules of Civil Procedure require a plaintiff to serve the defendants a summons and a copy of the complaint. Fed. R. Civ. P. 4(c)(1). However, in this MDL,

the defendants agreed to waive formal service of process as long as the plaintiff sends by email or certified mail "the short form complaint and, if in their possession, a sticker page or other medical record identifying the product(s) at issue in the case." (*See* Pretrial Order # 20, *In re: Ethicon, Inc. Pelvic Repair System Products Liability Litigation*, No. 2:12-md-2327, *available at* http://www.wvsd.uscourts.gov/MDL/ethicon/pdfs/PTO_20.pdf). Thus, the plaintiffs were excused from formally serving process on the defendants here, if the plaintiffs completed this simple procedure. Nevertheless, the plaintiffs in this case failed to effectuate service by either method within the time allotted under the then effective Federal Rule of Civil Procedure 4(m). [1]

On December 18, 2015, the defendants filed a motion to dismiss the case for failure to timely effect service of process. The plaintiffs responded and filed a surreply, both of which I considered in making my decision. On January 26, 2016, I granted the defendants' motion and entered a judgment order dismissing the plaintiffs' case. I found that there was no good excuse for failure to email a complaint within 120 days and that strictly enforcing deadlines is necessary to ensure that litigation runs smoothly in an MDL of this magnitude.

In the instant motion, the plaintiffs seek reconsideration of my January 26, 2016 order. The plaintiffs request that I set aside the dismissal without prejudice of the plaintiffs' case.

---

[1] On December 1, 2015, an amended version of Rule 4 took effect. Any reference to rule 4(m) is to the 1993 version in effect at the time the complaint was filed with this court.

## II. Legal Standard

### A. Rule 59(e) of the Federal Rules of Civil Procedure

The Fourth Circuit has recognized three grounds under which a court may grant a motion to amend or alter an earlier judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pacific Ins. Co. v. American Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). The Rule is intended to spare the parties and the appellate courts the costs and burdens of unnecessary appellate proceedings. *Id.* Rule 59(e) motions, however, are not the proper venue "to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Id.* "In general, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Id.* (quoting 11 Wright et al., *Federal Practice and Procedure* § 2810.1, at 127-28 (2d ed. 1995)).

### B. Rule 60(b) of the Federal Rules of Civil Procedure

"Federal Rule of Civil Procedure 60(b) authorizes a district court to grant relief from a final judgment for five enumerated reasons or for 'any other reason that justifies relief.'" *Aikens v. Ingram*, 652 F.3d 496, 500 (4th Cir. 2011) (internal citations omitted). The enumerated reasons for relief from final judgment under Rule 60(b) are: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly

discovered evidence not available at trial; (3) fraud; (4) a void judgment; (5) judgment has been satisfied or discharged; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). The sixth "catchall" reason "may be invoked in only 'extraordinary circumstances' when the reason for relief from judgment does not fall within the list of enumerated reasons given in Rule 60(b)(1)-(5)." *Aikens*, 652 F.3d at 500. Furthermore, the Fourth Circuit has required that "[i]n all cases, a Rule 60(b) movant must act in a timely fashion, must demonstrate a lack of prejudice to the non-movant, and must proffer a meritorious defense." *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 811 (4th Cir. 1988).

## III. Discussion

In their motion for reconsideration, plaintiffs' counsel contends that the plaintiffs' case should be reopened because the defendants continued to litigate the case after it was dismissed. The plaintiffs offer no legal argument for why I should reconsider my earlier rulings under either Rule 59 or 60 of the Federal Rules of Civil Procedure. The plaintiffs' argument is that by continuing to litigate the case through sending discovery requests, the defendants negate their prior allegations that the defendants were prejudiced by the plaintiffs' failure to timely effect service of process. This explanation, however, is not grounds for reconsideration under Rule 59(e) or 60(b). Accordingly, the plaintiffs' motion for reconsideration is **DENIED**.

## IV. Conclusion

For the reasons stated above, it is **ORDERED** that the Plaintiffs' Motion for Reconsideration [ECF No. 26] is **DENIED**. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: May 27, 2016

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE